## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

G.R.P. MECHANICAL COMPANY, INC.,

    *Plaintiff,*

v.

GREENLIGHT DESIGN PARTNERS, LLC; ALEX LEIGHTON; and SCOTT ENGSTROM,

    *Defendants.*

Case No. 1:26-cv-01023-JEH-RLH

### ORDER & OPINION

This is a trade secrets case. Plaintiff G.R.P. Mechanical Company designs, installs, and maintains energy systems for commercial clients. GRP alleges that two of its former employees opened a competing business—Greenlight Design Partners, LLC—and misappropriated confidential information to secure a competitive edge. After unsuccessfully moving for a temporary restraining order, GRP now seeks leave to amend its complaint to include new information allegedly discovered during a forensic audit of Defendants' (collectively "Greenlight") systems.

Greenlight has not yet responded to the original complaint but asks the court to deny GRP's motion and dismiss this case anyway. To be sure, Greenlight's arguments may eventually prevail—whether on a 12(b)(6) motion to dismiss or otherwise. But GRP's motion to amend is not the appropriate vehicle to resolve them. The amendment will be allowed, and Greenlight will be free to renew its arguments at the appropriate time.

## BACKGROUND

A complete understanding of the facts is not necessary to resolve GRP's motion. In short, GRP hired Defendants Scott Engstrom and Alex Leighton in 2019 and 2020, respectively. (Doc. 4 at 1–2.) Their offer letters specified that they would come across highly confidential information during their employment, and that they were "expected to make no use" of that information "[d]uring [their] employment." (Doc. 4 at 2.) Among this information was "pricing strategies, bid and cost models, sensitive customer information, customer and vendor relationships, and detailed technical design specifications." (Doc. 4 at 2.)

GRP receives much of its business by way of public procurements: Government entities (like school districts) will issue a solicitation, and GRP and other vendors will respond with bid proposals. Shortly before Engstrom resigned, he allegedly prepared and sent to Pontiac Elementary School District 429—in connection with one of the district's solicitations—confidential HVAC design specifications. (Doc. 4 at 4.) These designs, GRP says, constituted trade secrets at the time of Engstrom's disclosure because they would not have otherwise been made public until GRP submitted its formal bid. (Doc. 4 at 4.)

In the final days of 2025, Engstrom and Leighton both resigned from their posts at GRP. (Doc. 4 at 5.) Within weeks, the two formed their own business—Greenlight—and issued notices of their intent to bid on the same solicitations for which GRP was competing. (Doc 4 at 5.) From the timeline of these events, GRP infers that it would be impossible for Engstrom and Leighton to set up shop and begin the

2

bidding process without using the confidential information that they had learned while employed with GRP. (Doc. 4 at 5.)

GRP sent cease and desist letters on January 8, 2025, but to no avail. (Doc. 4 at 7.) Five days later, GRP filed its Complaint and moved for a temporary restraining order. (Docs. 1, 3.) Greenlight opposed the TRO, and a hearing was held on January 20, 2025. (Doc. 20.) The Court denied GRP's TRO motion, principally because GRP had not demonstrated that it would suffer irreparable harm absent a TRO. (Doc. 20 at 63:23–64:9.) The Court explained that *even assuming* GRP could show a likelihood of success on the merits, it had not carried its burden to show that money damages would not adequately compensate for the alleged misappropriation. (Doc. 20 at 65:21.)

Since the Court denied GRP's motion for a TRO, the docket of this case fell silent for about two months. Then, on March 12, 2026, GRP moved for leave to file an amended complaint. (Doc. 19.) GRP explained that, since the TRO hearing, it has retained a forensic expert and uncovered new facts relevant to its claims. (Doc. 19 at 2.) Greenlight opposes the motion. (Doc. 21.) It argues that the amendment is futile because GRP's proposed amended complaint would not survive a motion to dismiss. (Doc. 21 at 1–2.)

### LEGAL STANDARD

Rule 15 embodies a liberal amendment policy: courts "should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015). That said, courts may deny leave when the movant has engaged in undue delay, acted in bad faith, or repeatedly failed to cure deficiencies, or when the amendment would

3

unduly prejudice the opposing party. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). An amendment is also unwarranted where it would be futile, meaning it would not survive a motion to dismiss. *See Runnion*, 786 F.3d at 520. That inquiry asks whether the amended complaint states a plausible claim for relief, assuming the allegations are true and the inferences favor the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

GRP's proposed amended complaint states five claims: a violation of state and federal trade secret law, tortious interference with prospective economic advantage, breach of the duty of loyalty, and conversion. Greenlight argues that, for one reason or another, each of them fails to state a plausible claim for relief.[1]

For two reasons, the Court thinks it unwise to address Greenlight's arguments at this stage. First, courts apply a "presumption in favor of giving plaintiffs at least one opportunity to amend." *Runnion*, 786 F.3d at 518. That presumption is especially strong here because GRP's original complaint was never dismissed to begin with. Yes, the Court expressed some doubt about the merits of GRP's trade secret misappropriation claims at the TRO hearing. But the Court's preliminary (indeed, very preliminary) judgment about the *merits* of GRP's claims is no substitute for a close look at the sufficiency of its complaint under Rule 12(b)(6)—particularly where

---

[1] To the extent Greenlight relies upon the Court's denial of GRP's TRO motion, that reliance is not entirely proper. Indeed, Greenlight insists that "this Court already found" that the case "did not have a likelihood of success on the merits." (Doc. 21 at 1.) True, the Court expressed some doubt about the merits of GRP's trade secret claims at the TRO hearing. (*See, e.g.*, Doc. 20 at 66–68.) But the Court explicitly grounded its denial of the TRO on the absence of irreparable harm. The fact that the Court expressed some doubt about the merits in an extremely preliminary posture does not—and should not—deprive GRP of the ability to amend its complaint at least once.

that rule requires all factual inferences to be drawn in GRP's favor. *See Ashcroft*, 556 U.S. at 679.

Second, and more importantly, "the futility defense in a motion to amend is not a substitute for a motion to dismiss." *Mortgage Services III, LLC v. Montel*, No. 1:19-cv-3006-SEB-MPB, 2020 WL 13556099, at *2 (S.D. Ind. Mar. 27, 2020). Yet Greenlight's response is a motion to dismiss in every respect except its title. Indeed, GRP filed a one-and-a-half page motion, explaining that it has conducted a forensic audit and included some new facts in its complaint. (Doc. 19 at 1–3.) In response, Greenlight has filed a sixteen-page document replete with factual background, caselaw, statutes, and legal arguments about the sufficiency of GRP's claims. Were the Court to rule on those issues now, it would of course be inclined to side with Greenlight—that is the only side that has been presented.

All told, courts routinely find that "futility arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss." *Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (collecting cases); *see also Shambaugh & Son, L.P. v. Reichhart*, No. 1:23-cv-00213, 2023 WL 8597383, at *1–2 (N.D. Ind. Dec. 11, 2023) (finding that a futility analysis would be "premature because it would be better addressed in a motion to dismiss."); *Clark v. Deere & Co.*, No. 1:22-cv-1405, 2023 WL 2815922, at *2 (C.D. Ill. Apr. 6, 2023) (explaining, in a similar context, that the futility question is "better suited for more robust briefing (i.e., a motion to dismiss and response thereto)"). That principle applies with special force here, as GRP has had no

opportunity to defend the sufficiency of its complaint. Accordingly, Greenlight may renew its futility arguments at the appropriate time. For now, GRP will be allowed to try its case.

## CONCLUSION

IT IS THEREFORE ORDERED that GRP's Motion for Leave, (Doc. 19), is GRANTED. The Clerk is DIRECTED to docket [19-1] as GRP's First Amended Complaint.

*So ordered.*

Entered this 27th day of March 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge